NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   23-15273 |
| Plaintiff-Appellee, | D.C. Nos.<br>1:21-cv-00454-JMS-KJM<br>1:20-cr-00005-JMS-1 |
| v. | |
| PETERSON CABLAY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted February 15, 2024[**]
Honolulu, Hawaii

Before:  PAEZ, M. SMITH, and KOH, Circuit Judges.

Peterson Cablay appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence, arguing ineffective assistance of

counsel.  Cablay asserts his counsel failed at sentencing to argue that he was safety

valve eligible pursuant to the First Step Act of 2018's amendment to 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 3553(f)(1). We review de novo a district court's denial of a 28 U.S.C. § 2255 motion raising a claim of ineffective assistance of counsel. *See United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291 and § 2253(a). We affirm.

To prevail on a claim of ineffective assistance of counsel, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. However, "[a]n attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." *Hinton v. Alabama*, 571 U.S. 263, 274 (2014).

The safety valve provision allows the district court to sentence a defendant convicted of certain crimes "without regard to any statutory minimum sentence" if the court finds that five statutory criteria are met. 18 U.S.C. § 3553(f). A defendant meets the criteria in 18 U.S.C. § 3553(f)(1), as amended, if the defendant does not

have:

> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>
> (B) a prior 3-point offense, as determined under the sentencing guidelines; *and*
>
> (C) a prior 2-point violent offense, as determined under the sentencing guidelines

18 U.S.C. § 3553(f)(1) (emphasis added).

Cablay argues that his counsel's performance at sentencing fell below an objective standard of reasonableness because he failed to argue that Cablay was safety valve eligible. For Cablay to be eligible, the emphasized "and" would need to be read in the conjunctive, meaning that a defendant is safety valve eligible unless the defendant has more than four criminal history points *and* a prior three-point offense *and* a prior two-point offense. Today, the case law is settled in our circuit that § 3551(f)(1) is to be read in the conjunctive. *See United States v. Lopez*, 998 F.3d 431, 443 (9th Cir. 2021). But at the time of Cablay's sentencing in 2020, no circuit court opinion had ruled on the issue. In fact, a three-judge panel in our circuit stated in an unpublished memorandum disposition that the language should be read in the disjunctive. *See United States v. Manzo*, 793 F. App'x 620 (9th Cir. 2020) (explaining that safety valve relief is not available if the defendant has more than four criminal history points *or* a prior three-point offense).

To "reconstruct the circumstances of counsel's challenged conduct," we "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Given that the meaning of the statute was unsettled at the time of Cablay's sentencing, and in light of our decision in *Manzo*, the district court was correct to hold that Cablay's counsel was not ineffective for failing to raise safety valve eligibility. *See Juliano*, 12 F.4th at 940 ("[I]neffective assistance of counsel claims generally cannot be predicated on counsel's failure to anticipate changes in the law.").

Because Cablay cannot establish ineffectiveness under the first prong of *Strickland*, we need not reach the issue of prejudice. *See Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

**AFFIRMED.**